Rusch and others, Respondents, vs. Hartland Richmond Town Insurance Company, Appellant.

*November 6—December 3, 1935.*

For the appellant there was a brief by *Adolph P. Lehner* and *Lehner & Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondents there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

FAIRCHILD, J. It is conceded that the assessment due November 1, 1933, was not paid. It was considerably past due at the time of the fire, after which tender of payment was made. If this failure was due to the fault of those obligated to give notice of the assessment, then the right of respondents to the insurance is not defeated by their failure to pay at the time specified. A member of a town mutual insurance company is dependent upon a notice for knowledge of the sum due from him to his company. The time and amount of an assessment depend upon contingencies over which the member has no control, and of which he never has, independent of the notice, sufficient information to enable him to determine when the assessment will be made. An obligation rested upon the appellant to give notice of the assessment as a condition precedent to forfeiture, or to depriving the respondents of the benefit of their insurance. Appellant was required, within thirty days after levying the assessment, to notify respondents thereof, and the amount due thereon. Notice must be by letter or post card sent to the usual post-office address of the assured. Sec. 211.05 (1) 13. The necessity for giving such a notice positively exists under the statutes. The appellant was, therefore, under a duty to provide itself with information to enable it to comply with this requirement. It must follow from this, that in order to have performed its duty in this particular, the appellant was bound to secure the address of respondents in the first instance. The insured's usual post-office address is fixed by statute as the place to which the notice is to be sent. Experience has demonstrated that a notice mailed to that destination serves its purpose, for in the vast number of cases it reaches, in season, the one who is obliged to pay the assessment. Good practice suggests, and the law implies, the necessity of securing that information and making a proper record thereof by the insurance company. This, of course, does not require a constant inquiry of

a member concerning his correct address. The one given at the time of the acceptance of a member would naturally continue to be a sufficient address until he notified the company of his having changed it. In this case the appellant made no effort to ascertain the respondents' usual post-office address, and according to the evidence of its secretary, did not know what it was. Respondents became the owners of the farm on which they had for some time held a mortgage, but their address during the period of time material here was New London, Wisconsin. Appellant merely substituted respondents' names for that of Zernicke in its policy and record, but did nothing in the way of preparing itself to comply with its duty to give them the notice the law required of it.

A number of reasons why respondents should not be held to have forfeited their rights to the benefit of the fire insurance policy have been advanced, but because of the conclusion reached that the notice did not come to respondents until after the fire, and that this resulted from default on the part of appellant, it is unnecessary to consider the other questions raised.

Appellant urges, against the conclusion just stated, that the address in the original policy issued to Zernicke, which was "Bonduel, Route No. 3," prevails until changed by amendment, and argues that "fire insurance insures fixed location not transitory individuals." The consent of appellant to the assignment of Zernicke to respondents resulted in a new contract of insurance with new parties. These are the ones to whom appellant was bound to give notice of future assessments. It could readily have complied with the plain implications of the law and learned the address of these new members who for many years resided at New London, Wisconsin. During all the time that Zernicke was carrying the insurance, the company had a record of the fact that "loss or damage, if any, under this policy, shall be payable to Frank Rusch and Emma Rusch, his wife, or survivor and to the

Farmers State Bank of New London, Wisconsin, as their interest may appear." When the appellant consented to the assignment of the insurance, the Ruschs succeeded to the interests of Zernicke under the policy. The responsibility of paying assessments then rested upon them, but they could not be expected, and they were not required, to pay such assessment without notice thereof. Appellant's failure to give respondents notice of the assessment as required by statute and by the terms of the policy, defeats the claim that a forfeiture by respondents had taken place. The proper judgment was entered below.

*By the Court.*—Judgment affirmed.